Alin D. Cintean, SBN 240160
Certified Criminal Law Specialist
California State Bar,
Board of Legal Specialization
Law Office of Alin D. Cintean, APC
555 Capitol Mall, Suite 755
Sacramento, CA 95814
(916) 441-3500 Phone
(916) 414-3700 Fax
Alin@CinteanLaw.com

ATTORNEY FOR BART HUGHES

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>BART HUGHES,<br><br>                    Defendant. | CASE NO.  2:18-CR-00164 MCE<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; ORDER<br><br>DATE: June 25, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

## **BACKGROUND**

On October 24, 2019, the defendant entered a plea of guilty pursuant to a signed plea agreement. Docket 208.  The defendant is scheduled to be sentenced on June 25th, 2020 at 10AM before the Hon. Morrison C. England, Jr.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize supervised release revocation proceedings by video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available.

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the

1  functioning of the federal courts generally."

2  The parties hereby stipulate and agree that each of the requirements of the CARES Act and
3  General Order 614 have been satisfied in this case. They request that the Court enter an order making
4  the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons
5  further set forth below, the parties agree that:

6  1)  The sentencing hearing in this case cannot be further delayed without serious harm to the
7  interest of justice, given the public health restrictions on physical contact and court closures existing in
8  the Eastern District of California; and

9  2)  The defendant waives his physical presence at the hearing and consents to remote hearing
10 by videoconference and counsel joins in that waiver.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to

commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The sentencing hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

STIPULATION REGARDING HEARING    3

Dated: June 23, 2020                          McGREGOR W. SCOTT
                                              United States Attorney


                                              /s/ JAMES CONOLLY
                                              JAMES CONOLLY
                                              Assistant United States Attorney


Dated: June 23, 2020                          /s/ ALIN CINTEAN
                                              ALIN CINTEAN
                                              Counsel for Defendant
                                              Bart Hughes


## ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice;

   b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated: June 26, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE